### Case No. 7,307.

#### In re JEWETT et al.

[7 Biss. 473; 16 N. B. R. 48; 4 N. Y. Wkly. Dig. 494; 9 Chi. Leg. News, 345; 4 Law & Eq. Rep. 77; 23 Int. Rev. Rec. 232.] [1]

Circuit Court, W. D. Wisconsin. June, 1877. [2]

S. U. Pinney, for assignee of S. A. Jewett & Co.

W. A. Vilas, for E. D. and G. K. Jewett.

DRUMMOND, Circuit Judge. These are the material facts in this case: There was a firm in Boston doing business under the name of Jewett & Pitcher, of which E. D. Jewett and George K. Jewett were members. We must assume, for the purposes of the decision, that there was also a firm transacting business in Wisconsin, of which S. A. Jewett,

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 4 N. Y. Wkly. Dig. 494. and 4 Law & Eq. Rep. 77, contain only partial reports.]

[2] [Affirming Case No. 7.306.]

E. D. Jewett, and George K. Jewett were members, under the name of S. A. Jewett & Co.

In October, 1875, S. A. Jewett was a resident of Wisconsin, E. D. Jewett a resident of New Brunswick, Dominion of Canada, and George K. Jewett a resident of Maine. At that time a petition in bankruptcy was filed in the district court of Massachusetts, against the firm of Jewett & Pitcher. All the other members of the firm, except E. D. Jewett and G. K. Jewett, were residents of Massachusetts. A decree in bankruptcy was rendered against that firm on the 25th of February, 1876, in the district court of Massachusetts, and of course that decree proceeded against E. D. and G. K. Jewett, as members of the firm of Jewett & Pitcher; and it is alleged, in the petition of review, that although E. D. Jewett was a resident of New Brunswick at the time the petition in bankruptcy was filed in Massachusetts, he afterwards changed his residence to Massachusetts, and appeared in the case as a party; and it is also alleged that both E. D. Jewett and G. K. Jewett filed their schedules in the case in Massachusetts, setting forth their debts and their assets jointly and individually. This is all that appears in relation to the proceedings in Massachusetts.

It is not stated that the bankrupt case is disposed of, or that the debts of the firm of Jewett & Pitcher are settled, or that they were discharged as bankrupts. The inference from the statement is, that the suit, as such, is still pending in the district court of Massachusetts, or was at the time the facts, which are now to be mentioned, occurred.

In July, 1876, a petition in bankruptcy was filed in the district court for the Western district of Wisconsin, against the firm of S. A. Jewett & Co.—the Wisconsin firm—and of which E. D. Jewett and G. K. Jewett were members. E. D. Jewett and G. K. Jewett appeared to the petition and denied the acts of bankruptcy alleged, and, among other things set forth the proceedings in the district court of Massachusetts, which have already been referred to, and alleged that a decree in bankruptcy had been rendered against them as members of the firm of Jewett & Pitcher; and they insisted that that constituted a bar in the district court of the Western district of Wisconsin, to a decree in bankruptcy against them.

There were various questions argued by the counsel of the bankrupts, as I infer, in the district court, and they have been again argued in the circuit court—most of which will have to remain, for the present, undecided. The district court found a partnership to exist between the three persons. S. A., E. D., and G. K. Jewett, and held that the fact of a decree in bankruptcy against E. D. and G. K. Jewett, as members of the firm of Jewett & Pitcher, in the district court of Massachusetts was not a bar. and did not defeat the petition in bankruptcy in the district court for

this district. [Case No. 7,306.] And the only question now before this court is, whether that does constitute a bar to or defeat the petition in bankruptcy here. I think that the decree of the district court was right.

The firm of S. A. Jewett & Co. were engaged in the lumber business in Wisconsin quite extensively, the business amounting, as is said, in the course of a year to about one hundred thousand dollars. They had become embarrassed, and a petition in bankruptcy was filed against them. Their creditors insisted that their property should be administered by the court under the bankrupt law for the payment of their debts. There was no way in which this could be done except by a decree of bankruptcy against the partners; and it seems to me clear, that the proper forum in which the decree should be rendered was that which existed in the district where they were transacting business, namely, in the Western district of Wisconsin. There was no other way by which these partnership assets could be reached and administered in the bankrupt court, unless S. A. Jewett, as a member of the firm of which E. D. and G. K. Jewett were also members, was called, in some form, into the district court of Massachusetts, and the assets of the firm of S. A. Jewett & Co., administered there, namely, the residuary interest which E. D. and G. K. Jewett had in them after the settlement of the claims against the firm of S. A. Jewett & Co., because I assume that the only interest which E. D. and George K. Jewett, or their assignee had, either as representing the firm of Jewett & Pitcher, or themselves individually, was the residuary interest which they or either might have in the assets of S. A. Jewett & Co., after the payment of the debts of that firm.

It is clear as a principle of law, it seems to me, that the firm assets of S. A. Jewett & Co., must be administered in the district court of this district, for the payment of the debts of that firm. It is also true that until all the debts are paid, neither E. D. Jewett nor George K. Jewett has any interest in these firm assets. It is equally true that the firm assets of Jewett & Pitcher must be administered in the district court of Massachusetts.

Now S. A. Jewett has no interest whatever, residuary or otherwise, in the assets of Jewett & Pitcher; he is not concerned in that firm; of course, therefore, he could only be brought into the bankruptcy litigation in Massachusetts as a member of the firm of which two persons, parties to the litigation in that court, were also members. This being so, the only difficulty that can arise is as to the individual property of E. D. and George K. Jewett. The fact that they were adjudged bankrupts here, as members of the firm of S. A. Jewett & Co., does not necessarily dispose of all the questions that may arise concerning that property. It may be that many delicate and difficult questions may arise as to the property. For example, it appears that E. D. and George K. Jewett owned two-thirds of a large tract of land in this district, of which S. A. Jewett owned one-third.

It is claimed that a decree in bankruptcy, with the deed to the assignee in Massachusetts, clothed him not only with the title to the joint property, but also with that of the individual property of each member of the firm of Jewett & Pitcher. Now, whether that individual property should go to pay debts of Jewett & Pitcher, if the joint property is not sufficient to accomplish that result, or to pay debts of S. A. Jewett & Co., the Wisconsin firm, may be a very serious question, which I do not feel inclined to decide, or even intimate an opinion upon at present. The most that can be said is, that E. D. and George K. Jewett have already been adjudged bankrupts in the district court of Massachusetts; they are again adjudged bankrupts in the district court of the Western district of Wisconsin. But in the one case they have been adjudged bankrupts as members of the firm of Jewett & Pitcher, and in the other of S. A. Jewett & Co.

Strictly, the district court of the Western district of Wisconsin had the right to adjudge them bankrupts as members of the firm of S. A. Jewett & Co., and this is all I care to decide at present. Therefore, as this petition was filed by E. D. and George K. Jewett for the purpose of reviewing the decision of the district court, and, as I hold that the decision was right, the order of the district court decreeing them bankrupts will be affirmed. When, hereafter, it is ascertained what is the exact situation of the joint property of S. A. Jewett & Co., and of the individual property of the members of the firm in this district, a question may arise as to what shall be done with the latter, and how and by what means it shall be administered, and for whose benefit.